**UNITED STATES DISTRICT COURT FOR**
**THE WESTERN DISTRICT OF VIRGINIA**
**(Harrisonburg Division)**

| | |
|---|---|
| **JOHN H.H. GRAVES, JAMES R.O. GRAVES AND CORNELIA G. SPAIN, AS CO-TRUSTEES OF THE H. T. N. GRAVES TRUST AND THE REBECCA JACKSON GRAVES TRUST** )<br>)<br>)<br>)<br>) | |
| **Plaintiffs,** )<br>) | |
| **v.** ) | **Case No.:** _____ |
| **ELIZABETH GRAVES VITU** )<br>) | |
| **Serve: 5 Rue De La Bascule** )<br>**66140 Canet En Roussillon** )<br>**France** )<br>) | |
| **AND** )<br>) | |
| **KATHERINE G. FICHTLER** )<br>) | |
| **Serve: P.O. Box 463** )<br>**Florence, Montana 59833** )<br>) | |
| **Defendants.** ) | |

## COMPLAINT
### (Declaratory Judgment)

COME NOW, Plaintiffs John H.H. Graves, James R.O. Graves and Cornelia G. Spain, as Co-Trustees of the H.T.N. Graves Trust and of the Rebecca Jackson Graves Trust, by counsel, and for their Complaint against Elizabeth Graves Vitu and Katherine G. Fichtler state and allege as follows:

## I.   PARTIES AND JURISDICTION

1.   Plaintiffs, John H.H. Graves, James R.O. Graves and Cornelia G. Spain, as Co-Trustees of the H.T.N. Graves Trust and of the Rebecca Jackson Graves Trust (collectively "Co-Trustees"), are residents of the Commonwealth of Virginia. Both the H.T.N. Graves Trust and

the Rebecca Jackson Graves Trust are administered and have situs in the Commonwealth of Virginia.

2.      Defendant Elizabeth Graves Vitu is a resident of, and domiciled in, France.

3.      Defendant Katherine G. Fichtler is a resident of, and domiciled in, the State of Montana.

4.      There is complete diversity between the Co-Trustees and Mrs. Vitu and Mrs. Fichtler, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as the causes of action alleged in the underlying lawsuit arose in part in Page County, Virginia, and the relevant trusts are located in Page County, Virginia.

6.      Pursuant to 28 U.S.C. § 2201, the Co-Trustees are entitled to seek a declaration of their obligations under the trust documents for the H.T.N. Graves Trust and the Rebecca Jackson Graves Trust.

## II.   FACTS

7.      H.T.N. Graves ("Mr. Graves") and Rebecca Jackson Graves ("Mrs. Graves") were the parents of:  Rebecca Hudson ("Becca"), Elizabeth Graves Vitu ("Elizabeth"), Katherine G. Fichtler ("Katherine"), John H.H. Graves ("John"), James R. O. Graves ("Rod") and Cornelia Spain ("Cornelia") (collectively as "Graves Children").    A seventh child of Mr. and Mrs. Graves, Harry Graves, predeceased Mr. and Mrs. Graves leaving no issue himself.

8.      Mr. Graves passed away on July 8, 2010.

9.      Upon Mr. Graves' death, his wife, Mrs. Graves, was the prime beneficiary of the H.T.N. Graves Trust.

10.     Upon Mrs. Graves' death, the disposition of the H.T.N. Graves Trust depended on whether certain provisions of the H.T.N. Graves' Trust had been triggered.

11.     Mrs. Graves passed away on April 6, 2012.

12.     Upon Mrs. Graves' death, the disposition of the Rebecca Jackson Graves Trust likewise depended on whether certain provisions of the Rebecca Jackson Graves Trust had been triggered.

13.     Both the H.T.N. Graves Trust and the Rebecca Jackson Graves Trust were executed on November 17, 2006 and contained broad no-contest provisions ("No-Contest Provisions"). The language of the H.T.N. Graves Trust, mirrored by that in the Rebecca Jackson Graves Trust, is as follows:

> **If any beneficiary under this Trust shall in any way, directly or indirectly, challenge, contest or object to the nomination or selection by the Grantor or his wife, or by any attorney-in-fact for either of them, of a trustee of the trust u/w Belle Brown Northcott, deceased, or of the trust u/w Theodore Clay Northcott, deceased, then and in each such case all provisions for such beneficiary or for his or her issue above contained in this Trust shall be wholly void and ineffectual, and the Trustee is hereby directed to distribute the portion of the Trust Fund to which such beneficiary or his or her issue would have been entitled under the provisions of this Trust in like manner as if such beneficiary and all of his or her issue had predeceased the Grantor.**

> **If any beneficiary under this Trust shall in any way, directly or indirectly, challenge, contest or object to the continuation of Rebecca Jackson Graves as Trustee or a Co-Trustee of the trust u/w Belle Brown Northcott, deceased, or the Trust u/w Theodore Clay Northcott, deceased, or to any action by her as trustee of either trust or seek or attempt to remove, directly or indirectly, Rebecca Jackson Graves as a Trustee of either trust, or institute or prosecute, or be in any way, directly or indirectly, interested or instrumental in the institution, or prosecution, of any action, proceeding, challenge or contest, or give any notice or take any action, for the purpose of such removal or to challenge, contest or object to any action by her as Trustee of either trust, then and in each such case all provisions for such beneficiary or for his or her issue above contained in this Trust shall be wholly void and ineffectual, and the Trustee is hereby directed to distribute the portion of the Trust Fund to which such beneficiary or his or her issue**

would have been entitled under the provisions of this Trust in like manner as if such beneficiary and all of his or her issue had predeceased the Grantor.

If any beneficiary under this Trust other than Cornelia G. Spain, John H. H. Graves and James R. O. Graves shall in any way, directly or indirectly, institute or prosecute, or be in any way, directly or indirectly, interested or instrumental in the institution or prosecution of, any action or proceeding, or give any notice or take any action, for the purpose of the appointment of a conservator or guardian for the Grantor or his wife, then and in each such case all provisions for such beneficiary or for his or her issue above contained in this Trust shall be wholly void and ineffectual, and the Trustee is hereby directed to distribute the portion of the Trust Fund to which such beneficiary or his or her issue would have been entitled under the provisions of this Trust in like manner as if such beneficiary and all of his or her issue had predeceased the Grantor.

14.     The No Contest Provisions were necessitated by a series of intra-family disputes beginning in the Fall of 2004.

15.     Becca, Katherine and Elizabeth generally took adverse positions to their parents with respect to various issues related to Luray Caverns Corporation ("LCC").

16.     As of the Fall of 2004, approximately 98% of the stock in LCC was owned by the Belle Brown Northcott Trust ("BBN Trust") and the Theodore Clay Northcott Trust ("TCN Trust").

17.     Mr. Graves personally owned 10 shares of LCC at that time.

18.     The BBN Trust and the TCN Trust were established by Mr. Graves' grandparents. The net income from the BBN Trust and the TCN Trust was to be paid to Mr. Graves during his lifetime.  The co-trustees of the BBN Trust and the TCN Trust had limited discretion and could not sell the stock without written permission of Mr. Graves.

19.     The BBN Trust and the TCN Trust each had two co-trustees during Mr. Graves' lifetime.  Since 1956, when he nominated Mrs. Graves as one of the Co-Trustees of the BBN

4

Trust and the TCN Trust, Mr. Graves has selected and nominated each of the successive Co-Trustees who have served with Mrs. Graves.

20.    Mrs. Graves served continuously as a Co-Trustee of the BBN Trust and the TCN Trust from 1956 until the Trusts were terminated.

21.    Serving with Mrs. Graves were a series of attorneys up through February 19, 2008.

22.    When the intra-family dispute arose in the Fall of 2004, Nathan H. Miller ("Mr. Miller") was serving as Co-Trustee of the BBN Trust and the TCN Trust along with Mrs. Graves.

23.    Mr. Miller filed a series of suits related to his resignation as Co-Trustee of the BBN Trust and the TCN Trust.

24.    Mr. Graves, joined by his wife, Mrs. Graves, opposed certain relief and sought the appointment of James C. Cropsey ("Mr. Cropsey") as Mr. Miller's successor Co-Trustee of the BBN Trust and the TCN Trust.

25.    John, Rod, and Cornelia joined with Mr. and Mrs. Graves.

26.    The identity of the successor Co-Trustee of the BBN Trust and the TCN Trust was of paramount importance as the successor Co-Trustee, by voting LCC shares, could impact the management and control of LCC.

27.    Katherine and Elizabeth opposed Mr. Cropsey's nomination as successor Co-Trustee.

28.    At the hearing to accept Mr. Miller's resignation on February 19, 2008, and after the No Contest Provisions of the H.T.N. Graves Trust and the Rebecca Jackson Graves Trust

were in effect, Katherine appeared personally and opposed Mr. Cropsey's nomination. Elizabeth sent her opposition in writing to the Court.

29.     Despite the opposition of both Katherine and Elizabeth, the Court appointed Mr. Crospey as the successor Co-Trustee of the BBN Trust and the TCN Trust.

30.     In the Summer of 2009, Mr. and Mrs. Graves petitioned the court in Page County, Virginia to appoint Robert Lawler as an additional Co-Trustee of the BBN Trust and the TCN Trust.

31.     John, Rod, and Cornelia consented to the petitions to appoint Robert Lawler as an additional Co-Trustee of the BBN Trust and the TCN Trust.

32.     Katherine and Elizabeth filed pleadings to the petitions and contested the appointment of Robert Lawler.

33.     Shortly before a contested hearing on the appointment of Robert Lawler as an additional successor Co-Trustee of the BBN Trust and the TCN Trust, Katherine and Elizabeth withdrew their opposition.

34.     The Court appointed Robert Lawler as an additional successor Co-Trustee of the BBN Trust and the TCN Trust although he did not qualify as such prior to the death of Mr. Graves.

35.     John, Rod, and Cornelia, as Co-Trustees of the H.T.N. Graves Trust and the Rebecca Jackson Graves Trust are bringing this Declaratory Judgment Action against Katherine and Elizabeth to obtain a declaration that the No Contest Provisions have been triggered and that Katherine and Elizabeth are therefore excluded as beneficiaries under both the H.T.N. Graves Trust and the Rebecca Jackson Graves Trust.

36.     There is an actual and existing controversy over whether Katherine and Elizabeth have triggered the No Contest Provisions, and the Co-Trustees seek a declaration in order to obtain a judicial declaration without subjecting themselves to legal jeopardy.

<u>Count I</u>
**(Declaration of Rights as to the No Contest Provisions)**

37.     Plaintiffs incorporate the allegations contained in Paragraphs 1 - 36 of this Complaint as if set forth fully herein.

38.     In contravention of the No Contest Provisions of the H.T.N. Graves Trust and the Rebecca Jackson Graves Trust, Elizabeth and Katherine contested and objected to the appointment of both James Cropsey and Robert Lawler as successor Co-Trustees of the BBN Trust and the TCN Trust.

39.     By operation of the No Contest Provisions triggered by their direct objection to the appointments of both James Cropsey and Robert Lawler as successor Co-Trustees of the BBN Trust and the TCN Trust, Elizabeth and Katherine have forfeited all benefits under the H.T.N. Graves Trust and the Rebecca Jackson Graves Trust, and the provisions for them and their issue are wholly void and ineffectual.

40.     The Co-Trustees are entitled to a declaration that Elizabeth and Katherine triggered the No Contest  Provisions in the H.T.N. Graves Trust and the Rebecca Jackson Graves Trust, that they and their issue are thereby excluded from all provisions under the H.T.N. Graves Trust and the Rebecca Jackson Graves Trust and further that the Co-Trustees have no obligation to treat them as beneficiaries under the H.T.N. Graves Trust or the Rebecca Jackson Graves Trust or to distribute any assets or proceeds from the H.T.N. Graves Trust or the Rebecca Jackson Graves Trust to either Katherine or Elizabeth or any of their issue.

WHEREFORE, Plaintiffs John H.H. Graves, James R.O. Graves and Cornelia G. Spain, as Co-Trustees of the H.T.N. Graves Trust and the Rebecca Jackson Graves Trust, by counsel, respectfully request that this Court enter a declaratory judgment finding that Katherine G. Fichtler and Elizabeth Graves Vitu violated the No Contest  Provisions of the H.T.N. Graves Trust and the Rebecca Jackson Graves Trust and, therefore, that they and their issue are not beneficiaries under either Trust, and for such additional relief as this Court may deem just.

Dated:  June 25, 2012

Respectfully submitted,

**PLAINTIFFS JOHN H.H. GRAVES, JAMES R.O. GRAVES AND CORNELIA G. SPAIN, AS CO-TRUSTEES OF THE H.T.N. GRAVES TRUST AND THE REBECCA JACKSON GRAVES TRUST By Counsel**

PETERSON SAYLOR, PLC

**George O. Peterson**   VSB No. 44435
gpeterson@petersonsaylor.com
**Tania M. L. Saylor**   VSB No. 65904
tsaylor@petersonsaylor.com
**Michael T. Marr**   VSB No. 48536
mmarr@petersonsaylor.com
10555 Main Street, Suite 320
Fairfax, Virginia 22030
703.225.3620
703.225.3621 (Facsimile)
*Counsel for Plaintiffs*